AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

| SOUTHERN | District of | NEW YORK |

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| JAMES EMMANUEL GILMORE III | Case Number: 04CR 472 DAB |
| | USM Number: 52138-054 |
| | JAMES KOENIG |
| | Defendant's Attorney |

**THE DEFENDANT:**

X pleaded guilty to count(s)   ONE, TWO AND THREE ON MAY 24, 2004.

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 USC 371 | CONSPIRACY TO COMMIT BANK FRAUD | 01-01-2004 | 1 |
| 18 USC 1344 | BANK FRAUD | 01-01-2004 | 2 |
| 18 USC 1512 | WITNESS TAMPERING | 03-11-2004 | 3 |

The defendant is sentenced as provided in pages 2 through   8   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

X Count(s)   Count 4    X is    are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

DECEMBER 4, 2006
Date of Imposition of Judgment

*Deborah A. Batts* (signature)
Signature of Judge

DEBORAH A. BATTS, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

December 19, 2006
Date

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/19/06

AO 245B (Rev. 06/05) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __2__ of __8__

DEFENDANT: JAMES GILMORE
CASE NUMBER: 04CR 472 DAB

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

ONE HUNDRED TWENTY MONTHS ON COUNTS TWO AND THREE AND 60 MONTHS ON COUNT ONE, ALL TO BE SERVED CONCURRENTLY.

THE DEFENDANT IS NOTIFIED OF HIS RIGHT TO APPEAL.

The court makes the following recommendations to the Bureau of Prisons:

X    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

    ☐ a _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    before 2 p.m. on _____ .

    as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered _____ to _____
at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B     (Rev. 06/05) Judgment in a Criminal Case
            Sheet 3 — Supervised Release

Judgment—Page __3__ of __8__

DEFENDANT: JAMES GILMORE
CASE NUMBER: 04CR 472 DAB

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

FIVE YEARS ON COUNT TWO AND THREE YEARS ON COUNTS ONE AND THREE, ALL TO BE SERVED CONCURRENTLY.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☐ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
        Sheet 3A — Supervised Release

Judgment—Page  4  of  8

DEFENDANT:      JAMES GILMORE
CASE NUMBER:    04CR 472 DAB

## ADDITIONAL SUPERVISED RELEASE TERMS

THE DEFENDANT SHALL BE TESTED PERIODICALLY AT THE DIRECTION OF THE DEPARTMENT OF PROBATION FOR SUBSTANCE ABUSE, AND, SHOULD HE TEST POSITIVE, HE SHALL PARTICIPATE IN A SUBSTANCE ABUSE PREVENTION PROGRAM, BE IT RESIDENTIAL OR NONRESIDENTIAL, AS DIRECTED BY THE DEPARTMENT OF PROBATION.

THE DEFENDANT IS TO PROVIDE THE DEPARTMENT OF PROBATION WITH ACCURATE AND COMPLETE FINANCIAL RECORDS UPON REQUEST. THE DEFENDANT IS TO PAY 10% OF ANY GROSS MONTHLY EARNINGS MADE WHILE ON SUPERVISED RELEASE TOWARD RESTITUTION.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case

        Sheet 3B — Supervised Release

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 5 — Criminal Monetary Penalties

Judgment — Page __5__ of __8__

DEFENDANT:       JAMES GILMORE
CASE NUMBER:     04CR 472 DAB

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 300.00 | $ NO FINE | $ 15,920.00 |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| NYCERS<br>335 ADAMS STREET<br>BROOKLYN, N.Y. 11201<br>ATTENTION:<br>KAREN MAZZA G.C. | $15,920.00 | $15,920.00 | 10% OF GROSS MONTHLY INCOME |

**TOTALS**          $ _____15920_____          $ _____15920_____

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   the interest requirement is waived for the    ☐ fine   X restitution.

   the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

---

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:     JAMES GILMORE
CASE NUMBER:   04CR 472 DAB

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

1. The Defendant shall pay restitution, jointly and severally with his co-conspirators, in the amount of $15,920.00, to NYCERS, 335 ADAMS STREET, BROOKLYN, NEW YORK 11201, ATTENTION GENERAL COUNSEL KAREN MAZZA.

2. The Defendant is to provide the Department of Probation with accurate and complete financial records upon request. The Defendant is to pay 10% of any gross monthly earnings made while on supervised release toward restitution.

3. The Defendant shall forfeit his interest in all monies, land and personal property or substitutes therefor in the amount of $312,131.57 as set forth on page 27 of the Pre-Sentence Report forthwith. The forfeiture order is attached to this judgment.

Judgment — Page 7 of 8

DEFENDANT: JAMES GILMORE
CASE NUMBER: 04CR 472 DAB

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  X  Special instructions regarding the payment of criminal monetary penalties:
    AS DIRECTED IN THIS JUDGMENT.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: JAMES GILMORE
CASE NUMBER: 04CR 472 DAB

## ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINT AND SEVERAL

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| LISA BELFIORE 04CR 521 RJH | $15,920.00 | $15,920.00 | |
| BILLY DUC 04CR 739 GEL | $15,920.00 | $15,920.00 | |
| PETER JOHN 04CR739 GEL | $15,920.00 | $15,920.00 | |
| FRANK JIMENEZ 04CR 739 GEL | $15,920.00 | $15,920.00 | |
| SELWYN CUMMINGS 04CR 739 GEL | $15,920.00 | $15,920.00 | |
| KENSON HUNTE 04CR 1191 DC | $15,920.00 | $15,920.00 | |

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                    :
UNITED STATES OF AMERICA
                                    :
         -v.-                            ORDER OF FORFEITURE
                                    :
JAMES GILMORE,                           04 Cr. 472 (DAB)
     a/k/a "Murder"                 :
              Defendant.
                                    :
- - - - - - - - - - - - - - - - - -x
```

WHEREAS, on or about May 17, 2004, JAMES GILMORE a/k/a "Murder", (the "Defendant"), was charged in a four count Information 04 Cr. 472 (DAB) (the "Information") with conspiracy to defraud financial institutions insured by the Federal Deposit Insurance Corporation, in violation of 18 U.S.C. § 371; and participating in a scheme to defraud financial institutions insured by the Federal Deposit Insurance Corporation in violation of 18 U.S.C. §§ 1344 and 2; and threatening a witness with the intent to hinder a federal criminal investigation in violation of 18 U.S.C. § 3571;

WHEREAS, the Information included a forfeiture allegation seeking, pursuant to 18 U.S.C. § 982, all of his right, title, and interest to $312,131.57 in United States currency, that constitutes or is derived from the offenses charged in the Information;

WHEREAS, on or about May 24, 2004, pursuant to a plea agreement, the defendant pled guilty to all counts of the Information and to the forfeiture allegation;

WHEREAS, the parties agreed that the defendant shall fully satisfy his forfeiture obligations under the Indictment by providing the Government with a check in the amount of $312,131.57, made payable to the United States Marshals Service;

WHEREAS, on or about December 4, 2006, the defendant was sentenced and ordered to forfeit a sum of money equal to $312,131.57 in United States currency;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offenses in the Information, for which the defendant entered a plea of guilty, a money judgment in the amount of $312,131.57 shall be entered against the defendant.

2. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final as to the defendant, JAMES GILMORE, a/k/a "Murder", at the time of sentencing and shall be made part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

3. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

4. The Clerk of the Court shall forward four certified copies of this Order to Assistant United States Attorneys, Lisa Korologos, One St. Andrew's Plaza, New York, New York 10007.

Dated: New York, New York
       December 19, 2006

SO ORDERED:

*Deborah A. Batts*
HONORABLE DEBORAH A. BATTS
UNITED STATES DISTRICT JUDGE