

**U.S. Department of Justice**



*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 3, 2019

**BY ECF**

The Honorable Deborah A. Batts
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. James Emmanuel Gilmore III*, 04 Cr. 472 (DAB)

Dear Judge Batts:

      The Government respectfully submits this letter in the above-captioned matter in response to the *pro se* motion for early termination of supervised release filed by defendant James Emmanuel Gilmore, III (the "defendant"), on July 16, 2019 (Dk. No. 37). Because the defendant has provided no legitimate basis for early termination, the Government opposes the request.

      By way of background, on May 24, 2004, the defendant pled guilty to conspiracy to commit bank fraud, bank fraud, and witness tampering, in violation of Title 18, United States Code, Sections 371, 1344, and 1512, respectively. (Dkt. No. 10). For these offenses, on December 4, 2006, the defendant was sentenced to 120 months' imprisonment and five years' supervised release. (Dkt. Nos. 15, 16). On May 23, 2014, the defendant was released from the custody of the Federal Bureau of Prisons and commenced his term of supervised release.

      The defendant's term of supervised release has not been without incident. On September 19, 2017, the defendant pled guilty to Specifications One, Five, and Six, as set forth in a Violation Report, dated July 21, 2017. Specification One charged the defendant with attempting to receive stolen property on or about November 10, 2016, in violation of Ohio State Penal Code § 2923.02/2913.51. Specification Five charged the defendant with leaving without permission the judicial district in which he is supervised (the Eastern District of New York) on or about November 10, 2016, and traveling to Ohio. Specification Six charged the defendant with leaving without permission the judicial district in which he is supervised on or about May 13, 2017, and traveling to West Virginia. On October 17, 2017, this Court sentenced the defendant to four months' imprisonment, to be followed by six months in a residential reentry center, to be followed by supervised release for a term of two years. (Dkt. No. 33.) The parties and the Probation Office all agreed that the sentence the Court imposed—including the two-year term of supervised release—was appropriate and necessary. (Dkt. Nos. 29, 30, and 34 at 4.)

      Under 18 U.S.C. § 3583(e)(1), the Court may, after considering certain factors set forth in § 3553(a), "terminate a term of supervised release and discharge the defendant released at any time

August 3, 2019
Page 2

after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *see also United States* v. *Key*, 602 F.3d 492, 494 (2d Cir. 2010). Early termination is "[o]ccasionally" justified when "changed circumstances—for instance, exceptionally good behavior by the defendant" render the previously imposed term "either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *United States* v. *Lussier*, 104 F.3d 32, 36 (2d Cir. 1997).

The defendant's principal reason for requesting early termination of supervised release appears to be his desire to obtain "a commercial driver's license" that would enable him to "get long-distance work." (Def. Mot. 7.) The Government has no objection to the defendant obtaining a commercial driver's license, and the current terms of the defendant's supervised release appear to provide no barrier to him doing so. At such time when the defendant may obtain such a license, the Government would not object to modifying the terms of the defendant's supervision in order to allow him to engage in travel within the continental United States associated with being a commercial driver. The defendant fails to explain why such a modification would not be sufficient to address his desire to engage in commercial driving.

The defendant also touts his apparent compliance with the terms of his supervised release over the past 18 months. While his recent behavior is certainly to the defendant's credit, it does not provide a sufficient basis for early termination. If a defendant's good behavior on supervised release justified early termination of supervision, "the exception would swallow the rule." *United States* v. *Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998). Courts in this Circuit routinely have held that a "defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release." *United States v. Flores*, No. 99 Cr. 1110 (RWS), 2010 WL 2573385, at *1 (S.D.N.Y. June 28, 2010); *see also United States v. Bouchareb*, 76 F. Supp. 3d 478, 480 (S.D.N.Y. 2014) (concluding that defendant "has not presented an exceptional case warranting early termination of supervised release" where nothing in defendant's submission "rises to the level of a special, extraordinary, or unforeseen circumstance that distinguishes [defendant] from other compliant defendants on supervised release" (citation and internal quotation marks omitted)); *United States v. Berrios*, No. 95 Cr. 84 (PKL), 2010 WL 1010022, at *2 (S.D.N.Y. Mar. 16, 2010) (denying early termination of supervised release for defendant, where the court expressed pleasure with compliance, good attitude, and work ethic but noted that the defendant "ha[d] done nothing more than what is expected of all criminal defendants" (citation and internal quotation marks omitted)); *United States v. Liriano*, No. 91 Cr. 908 (JFK), 2010 WL 532517, at *1 (S.D.N.Y. Feb. 11, 2010) (securing employment and compliance with terms of supervised release "is not the exceptional case warranting early termination of supervised release").

August 3, 2019
Page 3

      The two-year term of supervised release that this Court imposed was an important part of the defendant's post-revocation sentence.  While the defendant's recent compliance with the terms of his supervision—following earlier struggles—is laudable, as is his desire to obtain a commercial driver's license and work as a commercial driver, he has not demonstrated that his behavior has been so exceptional or extraordinary as to warrant early termination.  As a result, the defendant's request for early termination of supervised release should be denied.

                                                      Respectfully submitted,

                                                      GEOFFREY S. BERMAN
                                                     United States Attorney for the
                                                     Southern District of New York

                                      By: _____
                                                   Robert B. Sobelman
                                                   Assistant United States Attorney
                                                   (212) 637-2616

cc:     James Emmanuel Gilmore III (by U.S. mail)